ORIGINAL

vicentequinataplea

LEONARDO M. RAPADAS
United States Attorney
TANYA M. CRUZ
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAY 15 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00036 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| VICENTE S. QUINATA, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, VICENTE S. QUINATA, enter into the following plea agreement:

1. The defendant, VICENTE S. QUINATA, agrees to plead guilty to Count I of the Information charging him with Theft of Government Property, in violation of Title 18, United States Code, Sections 641 & 2. Count II of the information will be dismissed upon sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Theft of Government Property in an amount less than $1,000.00, in violation of 18 U.S.C. § 641, as a Class A misdemeanor as specified in 18 U.S.C. § 3559, is imprisonment for not more than one year and a maximum fine of $100,000.00 as specified in 18 U.S.C. § 3571, together with any restitution as the court may order, and a $25 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the

court may incarcerate the Defendant for not more than one year. The total of $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Theft of Government Property, in violation of Title18, United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property;

Second, that the property belonged to the United States; and

Third, that the value of the property was less than $1000.00.

5. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1954 and is a citizen of the United States.

b. That beginning on or about October 2006 and continuing up to on or about December 6, 2006, in the District of Guam, the defendant, VICENTE S. QUINATA, willfully and knowingly, did steal and purloin United States property from the Navy Exchange, Guam That the defendant, VICENTE S. QUINATA, knowingly and willingly stole the property with the intention of depriving the owner of the use or benefit of the property. That property from the Navy Exchange, Guam, is property of the United States. That the value of the United States property stolen and purloined from the Navy Exchange, Guam, was of the value of $1000.00.

That the United States property from the Navy Exchange, Guam, had come into the possession and under the care of the defendant, VICENTE S. QUINATA, by virtue of his employment as a store worker with the Navy Exchange, Guam. VICENTE S. QUINATA would take items to the cash register and pretend to pay for the items by swiping his credit card. Two Navy Exchange employees, Doris T. Castro and Teresita Leon Guerrero, would scan the items at the register and help bag the items for VICENTE S. QUINATA. The defendant, VICENTE S. QUINATA, would then take the property into his possession without paying for it and exit the Navy Exchange, Guam.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant agrees to pay restitution in the amount of $1000.00 to the Navy Exchange in Guam.

8. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

9. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 5/7/07

VICENTE S. QUINATA
Defendant

DATED: 5/7/07

CYNTHIA V. ECUBE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 5/10/07     By:

TANYA M. CRUZ
Special Assistant U.S. Attorney

DATED: 5/14/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 4 -